UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
In re                           )
                                )
CHUNG XAY LUU,                  )
                                )
              Debtor.           )
_____)
                                )
PREM DHAWAN, Trustee in         )   2:06-cv-2657-GEB-KJM
Bankruptcy,                     )
                                )
              Plaintiff,        )
                                )   ORDER
     v.                         )
                                )
THAM THI MAI,                   )
                                )
              Defendant.        )
_____)
```

On November 22, 2006, Defendant filed a motion to withdraw reference to the United States Bankruptcy Court for the Eastern District of California. Defendant argues that the "present adversary [proceeding] is a 'non-core' proceeding and . . . the Bankruptcy Court cannot conduct a jury trial in a non-core adversary with[out] the consent of all parties." (Mot. at 4.) Plaintiff opposes the motion arguing, inter alia, that the adversary proceeding is a core proceeding and that a "party is not entitled to a jury trial on a

1

1  'core' bankruptcy claim."[1]  (Opp'n at 5-6.)

2       Core proceedings include, inter alia, "matters concerning
3  the administration of the estate; . . . proceedings to determine,
4  avoid, or recover preferential conveyances; . . . proceedings to
5  determine, avoid, or recover fraudulent conveyances; [and] other
6  proceedings affecting the liquidation of the assets of the
7  estate . . . ."  28 U.S.C. § 157 (b)(2)(A), (F), (H), (O).  "[P]arties
8  are not entitled to a jury trial on core claims, which clearly are
9  within the Bankruptcy Court's authority to decide without any aid from
10 the District Court."  In re Nady, 138 B.R. 608, 609 (D. Nev. 1992).
11 Plaintiff's Complaint seeks relief to avoid fraudulent transfers and
12 preferential transfers of property, to determine liability for avoided
13 transfers, and to sell property free and clear of the co-owner's
14 interest.  These are core claims and Defendant's contrary argument is
15 not supported by the record.  Therefore, Defendant's motion is denied.
16    IT IS SO ORDERED.

17 Dated:  January 25, 2007

19                              _____
                                GARLAND E. BURRELL, JR.
20                              United States District Judge

---

[1] The Bankruptcy Judge determined that this adversary proceeding is a core proceeding on all counts.  (See Minutes Following the Status Conference, Item 2, Pl.'s Request for Judicial Notice in Support of Opp'n.)  Further, Defendant admitted in her Answer that "[t]his adversary proceeding is a 'core' proceeding."  (See Answer ¶ 3; Compl. ¶ 3.)