UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re )
)
CHUNG XAY LUU, )
)
                 Debtor. )
)
)
PREM DHAWAN, Trustee in )   2: 06-cv-2657-GEB-KJM
Bankruptcy, )
)
                 Plaintiff, )
)   <u>ORDER</u>
    v. )
)
THAM THI MAI, )
)
                 Defendant. )
)

      On February 5, 2007, Defendant filed a motion to alter or amend findings of fact and conclusions of law and to alter or amend the Court's Order denying Defendant's motion to withdraw reference to the United States Bankruptcy Court for the Eastern District of California. In its motion, Defendant cites authority that was not previously brought to the Court's attention. Specifically, Defendant cites a Supreme Court decision in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), for the proposition that "fraudulent transfer actions are the assertion of private rights that more nearly resemble

1

state-law contract claims and are not core proceedings" and they therefore "mandate jury trials." (Mot. at 3.) Further, Defendant cites a case from this district also concerning fraudulent conveyances where the court determined that the defendant had the right to a jury trial, and since Defendant did not consent to holding such a trial in Bankruptcy court, the reference was withdrawn. (Id. at 4; Index of Exhibits, Ex. D.) The applicability of the cited authority shall be addressed in the parties' remaining briefs on this motion.[1]

IT IS SO ORDERED.

Dated: February 7, 2007

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] It is unclear from the motion what precisely Defendant requests this Court to do. The notice asks the Court to "consider altering or amending its Findings of Fact and Conclusions of Law . . . and its Order Denying Defendant's Motion to Withdraw Reference." (Mot. at 1.) The motion also references Federal Rule of Civil Procedure 59, and states that it "is really a 'motion for reconstruction.'" (Id. at 2, 5.) Although Defendant does not clearly indicate what procedural mechanism its motion relies upon and does not comply with the requirements of Local Rule 78-230(k), the cited authority, which should have been brought to the Court's attention in the original motion to withdraw reference, indicates the ruling should be reconsidered sua sponte. The motion will remain on calendar for March 19, 2007, and the briefing schedule will remain the same.

2