UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | |
| ) | |
| CHUNG XAY LUU, ) | |
| ) | |
|                 Debtor. ) | |
| _____) | |
| ) | |
| PREM DHAWAN, Trustee in ) | 2:06-cv-2657-GEB-KJM |
| Bankruptcy, ) | |
| ) | |
|                 Plaintiff, ) | |
| ) | ORDER |
|    v. ) | |
| ) | |
| THAM THI MAI, ) | |
| ) | |
|                 Defendant. ) | |
| _____) | |

        On January 25, 2007, an Order issued denying Defendant's motion to withdraw reference to the United States Bankruptcy Court for the Eastern District of California. On February 5, 2007, Defendant filed a motion to alter or amend findings of fact and conclusions of law and to alter or amend the Court's January 25, 2007 Order.[1]

---

[1] On February 7, 2007, the Court issued an Order in which it required the parties to address the applicability of the newly
(continued...)

1

Defendant cites authority in its motion that was not previously brought to the Court's attention.  Specifically, Defendant cites a Supreme Court decision in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), arguing that under this decision Defendant is entitled to a jury trial on all issues involved in the bankruptcy adversary proceeding since they concern fraudulent transfer claims, and the Supreme Court has held that "fraudulent transfer actions are the assertion of private rights that more nearly resemble state-law contract claims and are not core proceedings."  (Mot. at 3:2, 22-23.) Further, Defendant cites a case from this district involving fraudulent conveyances where the court determined that the defendant had the right to a jury trial, and withdrew the reference since defendant did not consent to holding the jury trial in the Bankruptcy Court.  (<u>Id.</u> at 4; Index of Bankruptcy Exhibits, Ex. D.)

Plaintiff does not dispute the applicability of <u>Granfinanciera</u>, but argues that the reference should not be withdrawn because Defendant expressly consented to the bankruptcy judge conducting a jury trial. (Opp'n at 5:11-14, 6:5-9.)  Plaintiff argues Defendant's consent is evinced where "[i]n [p]aragraph 1 of Defendant's Answer . . . Defendant admitted Plaintiff's contention [that the bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151 and 157] in its entirety, without reservation."  (<u>Id.</u> at 6:5-8.)

---

[1](...continued)
cited authority and indicated that because of that authority the motion should be reconsidered *sua sponte*.  Since neither party has objected to treating Plaintiff's motion as a request for reconsideration, it is so treated.  (Feb. 7, 2007 Order at 2:25-27, n.1, 2:7-8.)

         Under 28 U.S.C. § 157(e),

> [i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury if specifically designated to exercise such jurisdiction by the district court and *with the express consent of all the parties*.

28 U.S.C. § 157(e) (emphasis added). Defendant counters that she has "not consent[ed] to the Bankruptcy Judge conducting [a] jury trial in this adversary proceeding." (Mot. at 3:3-4.) Further, Defendant argues that she "timely claimed her right to a jury trial in [her Answer]." (Reply at 7:15-17; see Def.'s Answer ¶ 3, ("Defendant . . . affirmatively alleges, in view of this answer and request for jury trial, the above-entitled Court no longer has jurisdiction in this matter [and] [j]urisdiction is subject to 28 U.S.C. [§] 157(d) and 28 U.S.C. [§] 157(e).").)

         Defendant has not consented to the bankruptcy court conducting a jury trial in the adversary proceeding. "Withdrawal of the reference is [] required . . . where defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." Lara v. Casimiro, 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006) (citation omitted). Accordingly, the reference to the United States Bankruptcy Court is withdrawn.

         Further, a status hearing is scheduled to commence at 9:00 am on May 7, 2007, so that trial could be scheduled and it could be decided whether any portion of a scheduling order issued in the bankruptcy proceeding should be modified. A joint status report shall be filed no later than fourteen (14) days before the hearing in which

///

///

3

the parties are to address the status of this action and when a final pretrial conference and trial should be scheduled.

IT IS SO ORDERED.

Dated:  March 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge