UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
In re                              )
                                   )
CHUNG XAY LUU,                     )
                                   )
              Debtor.              )
_____)
                                   )
PREM DHAWAN, Trustee in            )   2:06-cv-2657-GEB-KJM
Bankruptcy,                        )
                                   )
              Plaintiff,           )
                                   )   ORDER
      v.                           )
                                   )
THAM THI MAI,                      )
                                   )
              Defendant.           )
_____)
```

On January 25, 2007, an Order issued denying Defendant's motion to withdraw reference to the United States Bankruptcy Court for the Eastern District of California. On February 5, 2007, Defendant filed a motion to alter or amend findings of fact and conclusions of law and to alter or amend the Court's January 25, 2007 Order.[1]

---

[1] On February 7, 2007, the Court issued an Order in which it required the parties to address the applicability of the newly
(continued...)

1

1        Defendant cites authority in its motion that was not
2 previously brought to the Court's attention.  Specifically, Defendant
3 cites a Supreme Court decision in <u>Granfinanciera, S.A. v. Nordberg</u>,
4 492 U.S. 33 (1989), arguing that under this decision Defendant is
5 entitled to a jury trial on all issues involved in the bankruptcy
6 adversary proceeding since they concern fraudulent transfer claims,
7 and the Supreme Court has held that "fraudulent transfer actions are
8 the assertion of private rights that more nearly resemble state-law
9 contract claims and are not core proceedings."  (Mot. at 3:2, 22-23.)
10 Further, Defendant cites a case from this district involving
11 fraudulent conveyances where the court determined that the defendant
12 had the right to a jury trial, and withdrew the reference since
13 defendant did not consent to holding the jury trial in the Bankruptcy
14 Court.  (<u>Id.</u> at 4; Index of Bankruptcy Exhibits, Ex. D.)
15        Plaintiff does not dispute the applicability of
16 <u>Granfinanciera</u>, but argues that the reference should not be withdrawn
17 because Defendant expressly consented to the bankruptcy judge
18 conducting a jury trial.  (Opp'n at 5:11-14, 6:5-9.)  Plaintiff argues
19 Defendant's consent is evinced where "[i]n [p]aragraph 1 of
20 Defendant's Answer . . . Defendant admitted Plaintiff's contention
21 [that the bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§
22 1334, 151 and 157] in its entirety, without reservation." (<u>Id.</u> at
23 6:5-8.)

---

[1](...continued)
cited authority and indicated that because of that authority the motion should be reconsidered *sua sponte*.  Since neither party has objected to treating Plaintiff's motion as a request for reconsideration, it is so treated. (Feb. 7, 2007 Order at 2:25-27, n.1, 2:7-8.)

2

Under 28 U.S.C. § 157(e),

> [i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury if specifically designated to exercise such jurisdiction by the district court and *with the express consent of all the parties.*

28 U.S.C. § 157(e) (emphasis added). Defendant counters that she has "not consent[ed] to the Bankruptcy Judge conducting [a] jury trial in this adversary proceeding." (Mot. at 3:3-4.) Further, Defendant argues that she "timely claimed her right to a jury trial in [her Answer]." (Reply at 7:15-17; see Def.'s Answer ¶ 3, ("Defendant . . . affirmatively alleges, in view of this answer and request for jury trial, the above-entitled Court no longer has jurisdiction in this matter [and] [j]urisdiction is subject to 28 U.S.C. [§] 157(d) and 28 U.S.C. [§] 157(e).").)

Defendant has not consented to the bankruptcy court conducting a jury trial in the adversary proceeding. "Withdrawal of the reference is [] required . . . where defendant who is entitled to a jury trial does not consent to the holding of such trial in the Bankruptcy Court." Lara v. Casimiro, 2006 WL 1581897, at *4 (E.D. Cal. June 6, 2006) (citation omitted). Accordingly, the reference to the United States Bankruptcy Court is withdrawn.

Further, a status hearing is scheduled to commence at 9:00 am on May 7, 2007, so that trial could be scheduled and it could be decided whether any portion of a scheduling order issued in the bankruptcy proceeding should be modified. A joint status report shall be filed no later than fourteen (14) days before the hearing in which

///
///

3

the parties are to address the status of this action and when a final pretrial conference and trial should be scheduled.

IT IS SO ORDERED.

Dated:  March 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge