IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re                          )
                               )      2:06-cv-2657-GEB-KJM
CHUNG XAY LUU,                 )
                               )
                Debtor.        )      DRAFT PRETRIAL ORDER
_____)
                               )
PREM DHAWAN, Trustee in        )
Bankruptcy,                    )
                               )
                Plaintiff,     )
                               )
        v.                     )
                               )
THAM THI MAI,                  )
                               )
                Defendant.     )
_____)

        A final pretrial conference will be held on August 13,
2007.  This draft pretrial order issues in an attempt to expedite
the conference.  A final pretrial order will issue after the
conference.

                    I.  JURY/NON-JURY

        All issues shall be tried to a jury.

II.   <u>UNDISPUTED FACTS</u>

This section contains facts which will become a part of the evidentiary record.  The parties shall incorporate them into a preliminary jury instruction which will be read to the jury prior to opening statements, and shall determine which  party or parties should read them to the jury.[1]  The parties shall also review the undisputed facts stated in this section and modify them as necessary so that the jury will understand what is being communicated.  For example, perhaps what is meant by "Chapter 7 bankruptcy" in the first undisputed fact should be explained.

1.   Debtor filed a Chapter 7 bankruptcy case on August 16, 2005.

2.   Defendant is an individual currently residing in the City of Suisun in the County of Solano, California.

3.   Defendant is the ex-wife of the Debtor.

4.   On June 8, 1989, Debtor and Defendant purchased and acquired title to the Shasta Street Property as husband and wife, as joint tenants.

5.   On or about May 11, 2004, Debtor filed for divorce from Defendant in Solano County Superior Court, Case Number FFL079006 ("Marital Dissolution Action").

---

[1]   The parties have leave to include other undisputed facts into the instruction and may make the facts read in a narrative form if they desire.  As the preamble to this instruction the parties could have the following language:

Before the trial, the attorneys for the parties agreed that the following facts are true. By this procedure, it is often possible to shorten the length of the trial.  Therefore, in accordance with the agreement of the parties, you are required to treat these facts as having been proved:

6.   On or about November 22, 2004, the Superior Court of Solano County entered a Judgement of Dissolution in the Marital Dissolution Action.

7.   The Crested Drive Property is a single family residential property.

8.   The Shasta Street Property is a single family residential property.

9.   The Crested Drive Property and the Shasta Street Property are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

10.   On July 23, 1993, the Debtor and Defendant purchased and took record title to the Crested Drive Property as husband and wife, as joint tenants.

11.   On June 17, 2002, the Debtor executed an Interspousal Transfer Deed conveying his right, title and interest in the Crested Drive Property to Defendant "a married woman as her sole and separate property" which deed was recorded on June 24, 2002.

12.   On July 18, 2002, Defendant executed an Interspousal Transfer Deed wherein Defendant grants the Crested Drive Property to "Chung Xay Luu and Tham Thi Mai, Husband and Wife as Joint Tenants" which deed was recorded on July 26, 2002

13.   On October 20, 2004, the Debtor and Defendant executed a Grant Deed which purports to convey the Crested Drive Property to Defendant "Tham Thi Mai, an unmarried woman" which deed was recorded on October 20, 2004,

14.   On January 5, 2004, the Debtor executed an Interspousal Transfer Grant Deed, pursuant to which deed the Debtor conveyed his

3

1 | right, title and interest in the Shasta Street Property to

2 | Defendant which deed was recorded on January 7, 2004.

3 | III.   <u>DISPUTED EVIDENTIARY ISSUES</u>

4 |         Any evidentiary dispute capable of being resolved in

5 | limine shall be addressed using the following procedure.  Counsel

6 | for the parties are required to meet and confer about the dispute.

7 | If the meeting fails to resolve the dispute, the parties are to set

8 | forth their respective positions on the dispute in a document

9 | entitled "Stipulation Re: Evidentiary Disagreements," that shall be

10 | signed by counsel for the parties and filed no later than <u>twenty</u>

11 | <u>(20) court days prior to the date on which trial commences</u>

12 | ("Stipulation").[2]

13 |         In the Stipulation, after the movant states the legal and

14 | factual basis for opposing admission of a clearly-identified,

15 | specific item of evidence, the nonmovant shall state its position.

16 | *Failure to state a basis for admissibility or non-admissibility of*

17 | *disputed evidence constitutes a waiver or abandonment of that*

18 | *basis*.  If the same argument or a portion thereof applies to a

19 | dispute over other evidence, that argument may be incorporated by

20 | reference where that other disputed evidence is argued.

21 |         This procedure is intended to expedite the trial by

22 | allowing the judge to understand the factual context involving

23 | disputed evidence and to make binding pretrial rulings.  The

24 | parties are cautioned that failure to utilize this procedure to

25 | resolve an evidentiary issue which is capable of resolution in an

26 |

27 | ───────────

28 |         [2]     The parties also have leave to set forth their agreements
on any evidentiary matters in the Stipulation.

in limine motion may be deemed a waiver of objection to such

evidence, or could result in a ruling excluding the evidence.[3]

IV.   <u>ISSUES FOR TRIAL</u>[4]

A.   The Final Pretrial Order supersedes the pleadings

and controls the facts and claims which may be presented at trial.

Any legal theory of relief or affirmative defense asserted in the

pleadings but not preserved for trial in this section of the Final

Pretrial Order cannot be raised during the trial.  Therefore, to

preserve an issue for trial, and to be entitled to jury

instructions on that issue, the issue <u>shall</u> be identified and

preserved in this section of the Order.  Failure to do so

dismisses, waives or abandons that issue, claim or defense.

<u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324,

1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order

are eliminated from the action.").

B.   The following issues are preserved for trial provided

jury instructions are submitted as required by Section XI of this

Order:

<u>Agreed Issues Applicable to All Claims Asserted by Plaintiff</u>

1.   The extent of the Debtor's legal and equitable ownership

interest in the Crested Property, the Shasta Property and the

---

[3]   Since the judge disfavors side-bar conferences during trial, counsel may be informed of this waiver in front of the jury. Evidentiary disputes addressed in limine need not be included in trial briefs as required by Local Rule 16-285(a)(3) (requiring that "reasonably anticipated disputes concerning admissibility of evidence" be included in trial briefs).

[4]   Plaintiff's issue regarding "[t]he amount of sanctions that Plaintiff is entitled to recover as a consequence of prevailing on its Motion to Compel" shall be referenced to the bankruptcy judge. (Joint Pretrial Statement ("JPS") at 9.)

Personal Property at the time said properties were transferred to
Defendant.

2.    The dates when Transfer #1, Transfer #2 and the transfer
of the Personal Property occurred (collectively the "Transfers").

3.    Whether the Debtor was insolvent at the time that the
Transfers occurred or became insolvent as a result of such
Transfer(s).

Defendant's Additional Issues as to Defenses Asserted to All Claims

4.    Whether pursuant to the divorce and Marital Settlement
Agreement of the parties, Defendant received marital assets of
substantially equal value as received by the Debtor.

5.    Whether the Dissolution Judgement incorporates the most
recent Marital Settlement Agreement of the parties.

6.    Whether the Transfers were made pursuant to court order.

7.    Whether Plaintiff was harmed by the alleged Transfers.

8.    Whether Defendant was a transferee in good faith for
value.

9.    Whether the alleged Transfers were preferences.

10.   Whether Plaintiff's claims are barred by the applicable
statutes of limitations.

11.   Whether the transfers were exempt from fraudulent
conveyance laws in effect at the time of the transfers.

12.   Whether as part of the dissolution the parties entered
into a marital settlement.

13.   Whether subsequent to the entry of the November 1, 2006
Bankruptcy Court Order granting Plaintiff's motion compelling
Defendant to produce written discovery, Defendant produced
responsive documents.

<u>Plaintiff's Additional Issues as to Defenses Asserted to All Claims</u>

14.     Whether Defendant filed sworn documents with the
state court in connection with the Dissolution Action stating that
she was not represented by counsel.

<u>Agreed Issues re: Preference Claims (11 U.S.C. § 547(b))</u>

15.   Whether Transfer #1 and the transfer of the Personal
Property occurred within one year of the commencement of the
Debtor's bankruptcy case.

16.   Whether Transfer #1 and the transfer of the Personal
Property constituted
transfers of the Debtor's interest in property.

17.   Whether Transfer #1 and the transfer Personal Property
was for the benefit of Defendant.

18.   Whether Transfer #1 and the transfer of the Personal
Property was made on account of an antecedent debt owed by the
Debtor to Defendant.

19.   Whether Defendant was an insider of Debtor when Transfer
#1 and the transfer of the Personal Property occurred.

20.   Whether the effect of Transfer #1 and the transfer of the
Personal Property  was that Defendant received more than she would
have received if: (a) the bankruptcy case were a case under Chapter
7 of Title 11 U.S.C.; (b) the transfers had not been made; and (c)
Defendant received payment of her debt(s) to the extent provided by
the provisions of Title 11.

<u>Agreed Issues re: Fraudulent Conveyance Claim (11 U.S.C. § 548(a))</u>

21.   Whether Transfer #1 and the transfer of the Personal
Property occurred within one year of the commencement of the
Debtor's bankruptcy case.

22.   Whether Transfer #1 and the transfer of the Personal Property constituted

transfers of the Debtor's interest in property.

23.   Whether the Debtor made Transfer #1 and transfer of  the Personal Property to Defendant with the actual intent to hinder, delay or defraud any creditor of the Debtor to whom the Debtor was or became indebted on or after the date of said transfers.

24.   Whether the Debtor received reasonably equivalent value for Transfer #1 and the transfer of the Personal Property to Defendant. (i.e., the value of the property transferred and the value of any consideration received by the Debtor in exchange).

25.   Whether the Debtor was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital when Transfer #1 and the transfer of the Personal Property to Defendant occurred.

26.   Whether the Debtor intended to incur while receiving less than reasonably equivalent value in exchange for such transfers, and while he intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

Agreed Issues re: Fraudulent Conveyance Claim (11 U.S.C. § 544(b) and California Civil Code § 3439 et seq.)

27.   Whether Transfer #2 occurred within four years of the commencement of the Debtor's bankruptcy case.

28.   Whether the Debtor made Transfer #2 to Defendant with the actual intent to hinder, delay or defraud any creditor of the Debtor.

29.   Whether at the time Transfer #2 was made the Debtor intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts came due.

30.   Whether at the time Transfer #2 occurred the Debtor while he was engaged, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small in relation to the business or transaction.

31.   Whether the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts became due.

32.   Whether a creditor's claim arose before the Debtor made Transfer #2.

33.   Whether Plaintiff is entitled to recover punitive damages and attorneys fees

 incurred in connection with prosecuting this claim for relief.

Agreed Issues re: Claim to Determine Liability for Avoided Transfer (11 U.S.C. §§ 550 and 551)

34.   Whether Defendant is (a) the initial transferee of Transfer #1, Transfer #2 and the Personal Property or the entity for whose benefit such Transfers were made or (b) the immediate or mediate transferee of the initial transferee.

Agreed Issues re: Claim to Sell Real Properties Free and Clear of Co-Owner's Interest (11 U.S.C. § 363(h))

35.   Whether partition in kind of the Crested Drive Property and the Shasta Street Property among the estate and Defendant is impracticable.

36.   Whether a sale of the estate's one-half interest in the Crested Drive Property and the Shasta Street Property would realize significantly less for the estate than a sale of the Crested Drive Property and the Shasta Street Property free and clear of Defendant's interest.

37.   Whether the benefit to the estate of a sale of the Crested Drive Property and the Shasta Street Property free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

C.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

1.   The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

2.   The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>twenty (20) court days prior to the date on which trial commences</u>.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  <u>See</u> Local Rule 16-285.  If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to the date on which trial commences.  **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of**

evidence, legal arguments, and citations of authority in support
thereof." L.R. 16-285(a)(3).

V.   <u>WITNESSES</u>

Since neither Plaintiff nor Defendant listed in the JPS
any witnesses that it intends to call at trial, it is assumed that
neither side intends to call witnesses to testify at trial.

If a witness is discovered after the pretrial conference,
counsel for the party offering the witness shall promptly inform
the Court and opposing parties of the existence of the unlisted
witness so that the Court may consider at trial whether the witness
shall be permitted to testify.  The witness will be not be
permitted to testify unless:

(1) The witness could not reasonably have been discovered
prior to pretrial;

(2) The Court and opposing counsel were promptly notified
upon discovery of the witness;

(3) If time permitted, counsel offered the witness for
deposition; and

(4) If time did not permit, a reasonable summary of the
witness' testimony was provided to opposing counsel.

VI.   <u>EXHIBITS</u>

Defendant anticipates offering at trial the exhibits
listed in Defendant's Supplement to the JPS, which was filed on
August 3, 2007.  Since Plaintiff did not list in the JPS any
exhibits that it intends to offer at trial, it is assumed that
Plaintiff does not intend to offer any exhibits at trial.

Any party proposing to introduce an exhibit which was
discovered after the pretrial conference shall promptly notify the

Court and opposing counsel of the existence of such exhibit.  The
Court will not permit any such exhibit to be introduced unless it
finds:

(1) That the exhibit could not reasonably have been
discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the
exhibit's existence; and

(3) That the offering party has delivered a copy of the
exhibit to opposing counsel, or, if the exhibit may not be copied,
that the offering counsel has made the exhibit reasonably available
for inspection by opposing counsel.

Defendant's exhibits shall be designated by alphabetical
letter and marked with colored stickers provided by the Court.  To
obtain stickers, parties should contact the Clerk of Court at (916)
930-4000.

Defendant is directed to provide to Plaintiff, at least
twenty (20) court days prior to the date on which trial commences,
copies of all of Defendant's respective exhibits, marked with
exhibit stickers provided by the Court.  Within five (5) court days
after receipt and examination of the exhibits, Plaintiff shall file
with the Court and serve upon opposing counsel objections, if any,
to the exhibits, referencing the exhibits as marked by exhibit
sticker and specifying the basis for each objection.[5]  Failure to
exchange exhibits as ordered could result in the exhibit not being
used at trial and/or the imposition of sanctions.  The failure to
make objections in the manner prescribed by this section shall

---

[5]     The parties have leave to file joint exhibits.  The above
procedure is designed for separate exhibits.

constitute a waiver of objections.  If Defendant seeks to admit
into evidence an exhibit to which no objection was made, Defendant
must identify said exhibit for the record and then move it into
evidence.

Counsel for Defendant shall produce all exhibits to the
Clerk's Office no later than 4:00 p.m. on the Friday before the
date on which trial is scheduled to commence.  At that time,
Defendant shall also furnish the Court with a copy of each exhibit,
unless the exhibit is physically incapable of being reproduced.
Failure to produce exhibits as ordered could result in waiver of
the right to offer those exhibits.  Defendant shall also furnish a
list to the Court, the courtroom deputy and opposing counsel
itemizing the exhibits.

VII. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any
depositions which are to be used at trial for any purpose shall
have been filed with the clerk, and counsel are cautioned that a
failure to discharge this duty may result in preclusion of the use
of the unfiled depositions or in the imposition of such other
sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial
commencement date, counsel for each party shall serve on the other
parties a statement designating all answers to interrogatories and
all portions of depositions (except for passages to be used solely
for refreshing recollection, impeachment or rebuttal).  No later
than ten (10) court days before the trial commencement date,
counter-designations of other portions of these discovery documents
may be served.  No later than five (5) court days before the trial

commencement date, the parties shall file and serve any preserved
evidentiary objections to any designated discovery, or said
objections are waived.

### VIII.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all
discovery and law and motion was to have been completed prior to
the date of the final pretrial conference.  That order is
confirmed.  The parties are, of course, free to conduct any
additional discovery they desire pursuant to informal agreement.
However, any such agreement will not be enforceable in this Court.

### IX.   SETTLEMENT NEGOTIATIONS

No settlement conference is scheduled in this matter.  If
the parties believe that a settlement conference would be
productive and facilitate resolution of this case, the parties may
contact the Court.  If the Court schedules a settlement conference
at the request of the parties, each party would be directed to have
a principal with authority to settle the case on any terms present
at the settlement conference.

In addition, each party would have to submit a settlement
conference statement directly to the chambers of the settlement
judge, five (5) court days prior to the settlement conference.
Such statements would not have to be filed with the clerk nor
served on opposing counsel.  However, each would be required to
notify the other party or parties that the statement was submitted
to the judge's chambers.

**[or]**

A settlement conference is scheduled before the Honorable
_____ on _____ at _____.  Each party

is directed to have a principal with authority to settle the case
on any terms present at the settlement conference.

        In addition, each party is directed to submit a
settlement conference statement directly to the chambers of Judge __
_____, the settlement judge, five (5) court days prior to the
settlement conference.  Such statements shall not be filed with the
clerk nor served on opposing counsel.  However, each party shall
notify the other party or parties that the statement has been
submitted to the judge's chambers.

                         X.  AGREED STATEMENT

        The parties shall submit a short, jointly-prepared
statement concerning the nature of this case that can be read to
the jury at the commencement of trial.  The statement shall be
provided to the Court no later than ten (10) court days before the
trial commencement date.  If the parties fail to do this, they may
be required to give their respective opening statements before voir
dire.  Separate statements shall be submitted if agreement is not
reached.

          XI.  JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

        Jury instructions, proposed voir dire, and verdict forms
shall be filed no later than fifteen (15) court days before trial.
The parties shall prepare the instructions and verdict forms in
accordance with Local Rule 51-163, and shall tailor all general
instructions to the facts and issues in suit.  The parties are
directed to confer and to attempt to agree upon a joint set of jury
instructions and verdict forms.  As to instructions on which there
is dispute, the parties shall adhere to the following procedure:
1) the party offering the disputed instruction(s) shall submit the

1  instruction(s) as its proposed jury instructions, shall submit

2  authority in support of the proposed instruction(s) and shall

3  number the disputed instruction(s) in a manner that shows where

4  each disputed instruction should be placed in the tendered agreed

5  upon instructions.  The contested instruction(s) and supporting

6  authority shall be filed with the joint set of instructions fifteen

7  (15) court days prior to the trial commencement date; 2) the party

8  opposed to the contested instruction(s) shall file opposing

9  authority ten (10) court days prior to the trial commencement date.

10  The examination of prospective jurors is conducted by the

11  Court.

12  At the time of electronically filing the jury

13  instructions and verdict forms, the parties shall also submit a

14  copy of the sanitized joint jury instructions, the sanitized

15  disputed jury instructions, and the joint verdict forms to the

16  Court by email to geborders@caed.uscourts.gov in accordance with

17  L.R. 51-163(b)(1).

18  XII.  USE OF STRUCK JURY SELECTION SYSTEM

19  Eight jurors will be impaneled.  The "struck jury" system

20  will be used to select the jury.[6]  At the beginning of the voir

21  dire process, approximately eighteen prospective jurors, randomly

22  selected by the Jury Administrator, will be seated for voir dire.

23

24  [6]   As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

25  whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group

26  consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of

27  peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select

28  group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The fifteenth seat will be in the left-hand side of that row.  Three chairs will be placed in front of the jury box.  The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left.  The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take turns exercising its three allotted peremptory strikes.  If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.

## XIII.  <u>ATTORNEYS FEES</u>

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

## XIV.  <u>TRIAL DATE</u>

Trial to a jury will commence on October 10, 2007.  The parties estimate in the JPS that the trial will involve 2-3 days of

testimony.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has ten minutes within which to make an opening statement to the jury and forty-five minutes within which to make a closing argument.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

Dated:  August 9, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge