IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | 2:06-cv-2657-GEB-KJM |
| CHUNG XAY LUU, | ) | |
| Debtor. | ) | FINAL PRETRIAL ORDER |
| ———————————————————— | ) | |
| PREM DHAWAN, Trustee in | ) | |
| Bankruptcy, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THAM THI MAI, | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

        The final pretrial conference was held on August 13, 2007.  Mariam Marshall and Zunilda Ramos appeared on behalf of the Plaintiff; W. Austin Cooper appeared on behalf of the Defendant.[1] After hearing, the Court makes the following Order.

_____

[1]    The parties' respective counsel were provided with a draft copy of this Final Pretrial Order prior to the final pretrial conference, which was used to create this Order.

1

1  I.  <u>JURY/NON-JURY</u>

2  Unless the court determines that certain equitable issues

3  will be bifurcated, all issues shall be tried to a jury. (<u>See</u>

4  Issues for Trial Nos. 35-37.)  The issue of bifurcation shall be

5  briefed in the parties' respective trial briefs.

6  II.  <u>UNDISPUTED FACTS</u>[2]

7  This section contains facts which will become a part of

8  the evidentiary record.  The parties shall incorporate them into a

9  preliminary jury instruction which will be read to the jury prior

10  to opening statements, and shall determine which party or parties

11  should read them to the jury.[3]  The parties shall also review the

12  undisputed facts stated in this section and modify them as

13  necessary so that the jury will understand what is being

14  communicated.

15  1.  Debtor filed a Chapter 7 bankruptcy case on October 12,

16  2005.

17

18

19  [2]  Plaintiff's request to augment the undisputed facts
section of the final pretrial order is unopposed by Defendant,
20  provided that the additional facts are undisputed.  Plaintiff has
leave to augment this section provided that Plaintiff does so in a
21  filing due no later than August 17, 2007.  Defendant shall file any
response to that filing no later than August 29, 2007.  If no
22  response is filed by August 29, 2007, the additional undisputed
facts shall be deemed undisputed.
23

24  [3]  The parties also have leave to include other undisputed
facts into the instruction and may make the facts read in a
25  narrative form if they desire.  As the preamble to this instruction
the parties could have the following language:
26

27  Before the trial, the attorneys for the parties agreed that
the following facts are true.  By this procedure, it is often
possible to shorten the length of the trial.  Therefore, in
28  accordance with the agreement of the parties, you are required
to treat these facts as having been proved:

2. Defendant is an individual currently residing in the City of Suisun in the County of Solano, California.

3. Defendant is the ex-wife of the Debtor.

4. On June 8, 1989, Debtor and Defendant purchased and acquired title to the Shasta Street Property as husband and wife, as joint tenants.

5. On or about May 11, 2004, Debtor filed for divorce from Defendant in Solano County Superior Court, Case Number FFL079006 ("Marital Dissolution Action").

6. On or about November 22, 2004, the Superior Court of Solano County entered a Judgement of Dissolution in the Marital Dissolution Action.

7. The Crested Drive Property is a single family residential property.

8. The Shasta Street Property is a single family residential property.

9. The Crested Drive Property and the Shasta Street Property are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

10. On July 23, 1993, the Debtor and Defendant purchased and took record title to the Crested Drive Property as husband and wife, as joint tenants.

11. On June 17, 2002, the Debtor executed an Interspousal Transfer Deed conveying his right, title and interest in the Crested Drive Property to Defendant "a married woman as her sole and separate property" which deed was recorded on June 24, 2002.

12.   On July 18, 2002, Defendant executed an Interspousal Transfer Deed wherein Defendant grants the Crested Drive Property to "Chung Xay Luu and Tham Thi Mai, Husband and Wife as Joint Tenants" which deed was recorded on July 26, 2002

13.   On October 20, 2004, the Debtor and Defendant executed a Grant Deed which purports to convey the Crested Drive Property to Defendant "Tham Thi Mai, an unmarried woman" which deed was recorded on October 20, 2004,

14.   On January 5, 2004, the Debtor executed an Interspousal Transfer Grant Deed, pursuant to which deed the Debtor conveyed his right, title and interest in the Shasta Street Property to Defendant which deed was recorded on January 7, 2004.

### III.   DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than 4:30 p.m. on September 4, 2007.   An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than 4:30 p.m. on September 20, 2007.   *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.

### IV.   ISSUES FOR TRIAL

A.   The Final Pretrial Order supersedes the pleadings and controls the facts and claims which may be presented at trial. Any legal theory of relief or affirmative defense asserted in the pleadings but not preserved for trial in this section of the Final Pretrial Order cannot be raised during the trial.   Therefore, to preserve an issue for trial, and to be entitled to jury instructions on that issue, the issue shall be identified and

preserved in this section of the Order.  Failure to do so

dismisses, waives or abandons that issue, claim or defense.

<u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324,

1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order

are eliminated from the action.").

   B. The following issues are preserved for trial provided

jury instructions are submitted as required by Section XI of this

Order:

<u>Agreed Issues Applicable to All Claims Asserted by Plaintiff</u>

  1. The extent of the Debtor's legal and equitable ownership

interest in the Crested Property, the Shasta Property and the

Personal Property at the time said properties were transferred to

Defendant.

  2. The dates when Transfer #1, Transfer #2 and the transfer

of the Personal Property occurred (collectively the "Transfers").

  3. Whether the Debtor was insolvent at the time that the

Transfers occurred or became insolvent as a result of such

Transfer(s).

<u>Defendant's Additional Issues as to Defenses Asserted to All Claims</u>

  4. Whether pursuant to multiple divorce and marital

settlement agreements between the parties, Defendant received

marital assets of substantially equal value as received by the

Debtor.

  5. Whether the Dissolution Judgement incorporates the most

recent Marital Settlement Agreement of the parties.

  6. Whether the Transfers were made pursuant to court order.

  7. Whether Plaintiff was harmed by the alleged Transfers.

8.    Whether Defendant was a transferee in good faith for value.

9.    Whether the alleged Transfers were preferences.

10.    Whether Plaintiff's claims are barred by the applicable statutes of limitations.

11.    Whether the transfers were exempt from fraudulent conveyance laws in effect at the time of the transfers.

12.    Whether as part of the dissolution the parties entered into a marital settlement.

13.    Whether subsequent to the entry of the November 1, 2006 Bankruptcy Court Order granting Plaintiff's motion compelling Defendant to produce written discovery, Defendant produced responsive documents.

Plaintiff's Additional Issues as to Defenses Asserted to All Claims

14.    Whether Defendant filed sworn documents with the state court in connection with the Dissolution Action stating that she was not represented by counsel.

Agreed Issues re: Preference Claims (11 U.S.C. § 547(b))

15.    Whether Transfer #1 and the transfer of the Personal Property occurred within one year of the commencement of the Debtor's bankruptcy case.

16.    Whether Transfer #1 and the transfer of the Personal Property constituted
transfers of the Debtor's interest in property.

17.    Whether Transfer #1 and the transfer Personal Property was for the benefit of Defendant.

18.   Whether Transfer #1 and the transfer of the Personal Property was made on account of an antecedent debt owed by the Debtor to Defendant.

19.   Whether Defendant was an insider of Debtor when Transfer #1 and the transfer of the Personal Property occurred.

20.   Whether the effect of Transfer #1 and the transfer of the Personal Property was that Defendant received more than she would have received if: (a) the bankruptcy case were a case under Chapter 7 of Title 11 U.S.C.; (b) the transfers had not been made; and (c) Defendant received payment of her debt(s) to the extent provided by the provisions of Title 11.

Agreed Issues re: Fraudulent Conveyance Claim (11 U.S.C. § 548(a))

21.   Whether Transfer #1 and the transfer of the Personal Property occurred within one year of the commencement of the Debtor's bankruptcy case.

22.   Whether Transfer #1 and the transfer of the Personal Property constituted
transfers of the Debtor's interest in property.

23.   Whether the Debtor made Transfer #1 and transfer of  the Personal Property to Defendant with the actual intent to hinder, delay or defraud any creditor of the Debtor to whom the Debtor was or became indebted on or after the date of said transfers.

24.   Whether the Debtor received reasonably equivalent value for Transfer #1 and the transfer of the Personal Property to Defendant. (i.e., the value of the property transferred and the value of any consideration received by the Debtor in exchange).

25.   Whether the Debtor was engaged in business or a transaction, or was about to engage in a business or transaction,

for which any property remaining with the Debtor was an unreasonably small capital when Transfer #1 and the transfer of the Personal Property to Defendant occurred.

26.   Whether the Debtor intended to incur while receiving less than reasonably equivalent value in exchange for such transfers, and while he intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

Agreed Issues re: Fraudulent Conveyance Claim (11 U.S.C. § 544(b) and California Civil Code § 3439 et seq.)

27.   Whether Transfer #2 occurred within four years of the commencement of the Debtor's bankruptcy case.

28.   Whether the Debtor made Transfer #2 to Defendant with the actual intent to hinder, delay or defraud any creditor of the Debtor.

29.   Whether at the time Transfer #2 was made the Debtor intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts came due.

30.   Whether at the time Transfer #2 occurred the Debtor while he was engaged, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small in relation to the business or transaction.

31.   Whether the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts became due.

32.   Whether a creditor's claim arose before the Debtor made Transfer #2.

33.    Whether Plaintiff is entitled to recover punitive damages and attorneys fees incurred in connection with prosecuting this claim for relief.

Agreed Issues re: Claim to Determine Liability for Avoided Transfer (11 U.S.C. §§ 550 and 551)

34.    Whether Defendant is (a) the initial transferee of Transfer #1, Transfer #2 and the Personal Property or the entity for whose benefit such Transfers were made or (b) the immediate or mediate transferee of the initial transferee.

Agreed Issues re: Claim to Sell Real Properties Free and Clear of Co-Owner's Interest (11 U.S.C. § 363(h))[4]

35.    Whether partition in kind of the Crested Drive Property and the Shasta Street Property among the estate and Defendant is impracticable.

36.    Whether a sale of the estate's one-half interest in the Crested Drive Property and the Shasta Street Property would realize significantly less for the estate than a sale of the Crested Drive Property and the Shasta Street Property free and clear of Defendant's  interest.

37.    Whether the benefit to the estate of a sale of the Crested Drive Property and the Shasta Street Property free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

---

[4]    The parties shall file proposed findings of fact and conclusions of law on Issues for Trial Nos. 35-37, and on any other issue the parties opine is an equitable issue, no later than twenty courts days before the trial commencement date.

        C.   In addition to the matters set forth in Local Rule

16-285, the parties shall brief the following points of law in

their trial briefs.

        1.   The elements, standards, and burdens of proof as

to each of Plaintiff's causes of action, including citations of

authority in support thereof.

        2.   The elements, standards, and burdens of proof

as to each of Defendant's defenses, including citations of

authority in support thereof.

        Notwithstanding Local Rule 16-285, trial briefs shall be

filed with the Court no later than <u>twenty (20) court days prior to</u>

<u>the date on which trial commences</u>.  All legal positions briefed in

the trial brief shall be supported with case and applicable

statutory authority.  <u>See</u> Local Rule 16-285.  If separate or

partial separate trial briefs are submitted, responding briefs, if

any, shall be filed with the Court no later than five (5) court

days prior to the date on which trial commences.  **The trial**

**brief(s) must include "a summary of points of law, including**

**reasonably anticipated disputes concerning admissibility of**

**evidence, legal arguments, and citations of authority in support**

**thereof."  L.R. 16-285(a)(3).**

                    V.   <u>WITNESSES</u>[5]

        A.  Plaintiff anticipates calling the witnesses listed in

Section I of Plaintiff's Supplemental Pretrial Statement filed

August 9, 2007, as well as Plaintiff Prem Dhawan.

─────────────────

        [5]   This portion of the Order does not affect the parties'
obligations to timely comply with witness disclosure requirements
provided in the Federal Rules of Civil Procedure, the Local Rules,
or by Order of this Court.

1       B.   Defendant anticipates calling the witnesses listed in
2  Section I of Defendant's Supplemental Pretrial Statement filed
3  August 13, 2007.

4       C.   Each party may call a witness designated by the
5  other.

6       D.   No person, other than those named on these witness
7  lists, will be permitted to testify unless:

8            (1) The party offering the witness demonstrates that
9  the witness is for the purpose of rebutting evidence which could
10 not reasonably be anticipated at the pretrial conference; or

11           (2) The witness was discovered after the pretrial
12 conference and the proffering party makes the showing required in
13 "E", below.

14      E.   If a witness is discovered after the pretrial
15 conference, counsel for the party offering the witness shall
16 promptly inform the Court and opposing parties of the existence of
17 the unlisted witness so that the Court may consider at trial
18 whether the witness shall be permitted to testify.  The witness
19 will be not be permitted to testify unless:

20           (1) The witness could not reasonably have been
21 discovered prior to pretrial;

22           (2) The Court and opposing counsel were promptly
23 notified upon discovery of the witness;

24           (3) If time permitted, counsel offered the witness
25 for deposition; and

26           (4) If time did not permit, a reasonable summary of
27 the witness' testimony was provided to opposing counsel.

28

VI.   <u>EXHIBITS</u>[6]

A.   Plaintiff anticipates offering the exhibits listed in Section II of Plaintiff's Supplemental Pretrial Statement filed August 9, 2007.

B.   Defendant anticipates offering the exhibits listed in Defendant's Supplemental Pretrial Statement filed August 3, 2007.

C.   No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

---

[6]     This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.   Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendant's exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to the date on which trial commences, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[7]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.  A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office no later than 4:00 p.m. on the Friday before the date on which trial is scheduled to commence.  At that time, the parties shall

---

[7]     The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VII.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before the trial commencement date, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

VIII.  <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Order filed April 30, 2007, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is

1  confirmed.  The parties are, of course, free to conduct any

2  additional discovery they desire pursuant to informal agreement.

3  However, any such agreement will not be enforceable in this Court.

4                    IX.   SETTLEMENT NEGOTIATIONS

5           No settlement conference is scheduled in this matter.

6                       X.   AGREED STATEMENT

7           The parties shall submit a short, jointly-prepared

8  statement concerning the nature of this case that can be read to

9  the jury at the commencement of trial.  The statement shall be

10  provided to the Court no later than ten (10) court days before the

11  trial commencement date.  If the parties fail to do this, they may

12  be required to give their respective opening statements before voir

13  dire.  Separate statements shall be submitted if agreement is not

14  reached.

15         XI.   JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

16           Jury instructions, proposed voir dire, and verdict forms

17  shall be filed no later than fifteen (15) court days before trial.

18  The parties shall prepare the instructions and verdict forms in

19  accordance with Local Rule 51-163, and shall tailor all general

20  instructions to the facts and issues in suit.  The parties are

21  directed to confer and to attempt to agree upon a joint set of jury

22  instructions and verdict forms.  As to instructions on which there

23  is dispute, the parties shall adhere to the following procedure:

24  1) the party offering the disputed instruction(s) shall submit the

25  instruction(s) as its proposed jury instructions, shall submit

26  authority in support of the proposed instruction(s) and shall

27  number the disputed instruction(s) in a manner that shows where

28  each disputed instruction should be placed in the tendered agreed

upon instructions.  The contested instruction(s) and supporting

authority shall be filed with the joint set of instructions fifteen

(15) court days prior to the trial commencement date; 2) the party

opposed to the contested instruction(s) shall file opposing

authority ten (10) court days prior to the trial commencement date.

Each side shall have fifteen minutes to examine

prospective jurors.

At the time of electronically filing the jury

instructions and verdict forms, the parties shall also submit a

copy of the sanitized joint jury instructions, the sanitized

disputed jury instructions, and the joint verdict forms to the

Court by email to geborders@caed.uscourts.gov in accordance with

L.R. 51-163(b)(1).

XII.   USE OF STRUCK JURY SELECTION SYSTEM

Eight jurors will be impaneled.  The "struck jury" system

will be used to select the jury.[8]  At the beginning of the voir

dire process, approximately eighteen prospective jurors, randomly

selected by the Jury Administrator, will be seated for voir dire.

The order of the jurors' random selection is reflected by the order

in which they will be seated.  The first randomly selected juror

will be in jury seat number one, which is at the extreme right-hand

side of the jury box in the top row as the jury box is viewed from

---

[8]     As explained in United States v. Blouin, 666 F.2d 796,
798 (2d Cir. 1981), "the goal of the 'struck jury' system is to
whittle down an initially selected group . . . [to the amount of
jurors] who will serve as the petit jury."  The selected group
consists of the jurors who will hear the case, plus the number of
jurors required to enable the parties to use the combined number of
peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select
group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

the well of the courtroom.  The eighth juror will be in the eighth
seat.  The ninth selected juror will occupy the seat located at the
extreme right-hand side of the jury box in the bottom row.  The
fifteenth seat will be in the left-hand side of that row.  Three
chairs will be placed in front of the jury box.  The sixteenth
juror will occupy the seat on the right and the eighteenth juror
will occupy the seat on the left.  The first eight jurors on a
list, which shall be given to counsel, will constitute the petit
jury unless one or more of those eight is excused for some reason.
Assuming that the first and fifth jurors on the list are excused,
the second listed juror becomes the first, and the other jurors'
numbers are changed accordingly, with the ninth juror on the list
becoming seventh on the list; however, the jurors continue to be
identified by their original numbers.

        Following the voir dire questioning, each side will take
turns exercising its three allotted peremptory strikes.  If a side
elects to pass rather than exercise a particular peremptory
challenge, that challenge is waived.

                   XIII.  ATTORNEYS FEES

        The parties are referred to Local Rule 54-293 concerning
the post-trial procedure for seeking an award of attorney's fees.

                   XIV.  TRIAL DATE

        Trial to a jury will commence on October 10, 2007.  The
parties estimate in the JPS that the trial will involve 2-3 days of
testimony.  A trial day will commence at 9:00 a.m. and will adjourn
at approximately 4:30 p.m.  Each side has fifteen minutes within
which to make an opening statement to the jury and one hour within
which to make a closing argument.  Counsel are to call Shani

Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to
trial to ascertain the status of the trial date.

　　　　　IT IS SO ORDERED.

Dated:  August 14, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge